Tom W. Sharp, ID #00791643
BLALACK & WILLIAMS, P.C.
4851 LBJ Freeway, Suite 750
Dallas, TX 75244
214/630-1916; 214/630-1112 (fax)
Attorneys for Nebraska Furniture Mart, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(FORT WORTH DIVISION)

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 24-42560 |
| | ) | |
| MICHAEL A. PRITCHARD and | ) | |
| JOI L. PRITCHARD | ) | |
| Debtor(s) | ) | |
| | ) | |

## OBJECTION TO CONFIRMATION OF DEBTOR(S)' CHAPTER 13 PLAN

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES NEBRASKA FURNITURE MART, INC., the holder of a claim in the above numbered and entitled case and files this, its Objection to Confirmation of Debtor(s)'s Proposed Chapter 13 Bankruptcy Plan, and as grounds therefore would respectfully show the Court as follows:

1. This court has jurisdiction over this matter by virtue of the jurisdiction conferred upon it under 28 U.S.C. § 157 which characterizes this matter as a "core proceeding" arising in a case under Title 11.

2. This creditor is the holder of claims in this case. The Debtor(s), whether one or more, are indebted to Movant as follows: $6,165.92.

3. Securing repayment of the above described indebtedness, the Debtor(s) gave this creditor a security interest in furniture and merchandise as specified in Invoice No. 26631862, 67377548, 82285056, 82285049, 82282152, 82282160, and 83564251.

4. The Plan as proposed by the Debtor(s) fail to meet the provision of 11 U.S.C. § 1325(a)(3) of the United States Bankruptcy Code and has not been proposed in good faith. Movant would show the court as follows:

(a) The Debtor's Chapter 13 Plan has not proposed to pay any amount owed to Nebraska Furniture Mart as a secured claim. Of the items purchased by MICHAEL A. PRITCHARD and JOI L. PRITCHARD within a year prior to the bankruptcy filing, there is a current balance owed of $4,691.03.

(b) Of the items purchased by MICHAEL A. PRITCHARD and JOI L. PRITCHARD more than a year prior to the Debtor(s) bankruptcy filing, Nebraska Furniture Mart, Inc. asserts a value of $675.98.

(c). Nebraska Furniture Mart, Inc. asserts that it should be paid a secured claim/value amount of $5,367.01, with the remaining balance being paid pro-rata with the other unsecured creditors.

(d). Additionally, no payments on the secured claim to NEBRASKA FURNITURE MART INC., began until more than two years into the plan. NEBRASKA FURNITURE MART INC. is entitled to set equal payments at an interest rate of no less than 9% pursuant to the ***Till*** case.

WHEREFORE, Movant pays that this Court deny the confirmation of Debtor(s)'s Plan as proposed unless and until Debtor(s) modify such Plan to correct the deficiencies cited herein. Further, Movant prays for such other and further relief to which Movant may show itself justly entitled.

        Respectfully submitted,

        BLALACK & WILLIAMS, P.C.
        Attorneys for Nebraska Furniture Mart, Inc.

BY:  /s/ Tom W. Sharp
        Tom W. Sharp, ID #00791643
        4851 LBJ Freeway, Ste. 750
        Dallas, TX 75244
        214/630-1916; 214/630-1112 (fax)

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served upon Michael Aaron Pritchard and Joi Lynn Pritchard, Debtor(s), 3926 Wentwortth Drive, Arlington, TX 76001; Jesse Schodrof Garcia, Attorney for Debtor, Bryeans & Garcia, PLLC, 5001 S. Cooper Street, Ste 209, Arlington, TX 76017; Tim Truman, Chapter 13 Trustee, 6851 N.E. Loop 820, Suite 300, N Richland Hills, TX 76180; U.S. Trustee, United States Trustee, Office of the U.S. Trustee, 1100 Commerce St., Room 976, Dallas, TX 75702; and upon all those requesting service below, all by first class mail, address correction requested, or e-mail, on this 1st day of October, 2024.

        /s/ Tom. W. Sharp
        Tom W. Sharp

# CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on this 30 day of September, 2024.

____ 1(a) The creditor

<u>XXX</u> (B) The creditor's attorney

<u>XXX</u> (C) made a good faith effort to negotiate a settlement of the dispute with debtor(s)' counsel.

_____ (D) attempted to contact debtor(s)' counsel, but debtor(s)' counsel failed to respond to our communication by the same time on the second business day after such communication.

<u>XXX</u> 2(a) The Motion is opposed.

____ (B) The Motion is unopposed.

                                                  /s/ Tom W. Sharp_____
                                                  Blalack & Williams, P.C.